# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2011

No. 11-50235
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ROSA ORTIZ, Also Known as Jose Ortiz, Jr.,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 7:10-CR-225-1

Before REAVLEY, SMITH, and PRADO, Circuit judges.

PER CURIAM:[*]

Jose Ortiz was convicted of making false statements for the purpose of obtaining a loan, aggravated identity theft, and, with the intent to deceive,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50235

falsely representing a number to be his social security number. His punishment included a 24-month sentence for his aggravated-identity-theft conviction, which ran consecutively to the concurrent 12-month sentences imposed on the other two counts. Ortiz appeals, arguing that the 24-month consecutive sentence violates the Double Jeopardy Clause because it imposes additional punishment for the same conduct for which he was punished by the 12-month sentences.

Ortiz did not raise his double-jeopardy argument in the district court, so our review is for plain error. *See United States v. Odutayo*, 406 F.3d 386, 392 (5th Cir. 2005). To establish plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, __, 129 S. Ct. 1423, 1429 (2009). Then this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

"The Fifth Amendment guarantee against double jeopardy protects not only against a second trial for the same offense, but also against multiple punishments for the same offense . . . ." *Whalen v. United States*, 445 U.S. 684, 688 (1980) (internal quotation marks and citation omitted). "[T]he question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." *Id.* "Where . . . a legislature specifically authorizes cumulative punishment under two statutes . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983).

In view of the provisions of the aggravated-identity-theft statute, 18 U.S.C. § 1028A, and his conviction of making false statements to obtain a loan, Ortiz has failed to show clear or obvious error that affects his substantial rights. *See Puckett*, 129 S. Ct. at 1429. Accordingly, the judgment is AFFIRMED.